**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Karen Dawn GOOD TRACK, Defendant—Appellant.**

No. 07–30475.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

Richard A. Hosley, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Karen Good Track appeals the sentence imposed following her guilty plea to arson on an Indian Reservation in violation of 18 U.S.C. §§ 81 and 1153(a). She contends that the district court erred in making an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review sentencing decisions for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied*, — U.S. —, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). It is procedural error, and thus an abuse of discretion, for a district court to calculate the Sentencing Guidelines range incorrectly. *Id.* We review for clear error the district court's factual determination whether a defendant obstructed justice. *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir.2008).

The district court found that Good Track willfully attempted to obstruct justice by threatening to burn down the house of a material witness if that witness told authorities about Good Track's arson. *See* U.S.S.G. § 3C1.1, comment. (n.4(a)). The district court did not clearly err in finding that Good Track obstructed justice. *See Garro*, 517 F.3d at 1171.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

